UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
NEW YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE, and
JEREMIAH SULLIVAN, JR., in his fiduciary
capacity as Administrator and Chairman of
Trustees, BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFT WORKERS, and
BRICKLAYERS LABOR MANAGEMENT
COMMITTEE,

COMPLAINT   20-cv-1005

Plaintiffs,

- against -

LADI CONSTRUCTION, INC.,
NEELAM CONSTRUCTION CORP.,
WESTERN SURETY COMPANY, and
RUPINDER SINGH,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs, by their attorneys, Doar Rieck Kaley & Mack, complaining of the

Defendants, Ladi Construction, Inc. ("Ladi"), Neelam Construction Corp. ("Neelam"), Western

Surety Company ("Western"), and Rupinder Singh ("Mr. Singh"), allege as follows:

JURISDICTION AND VENUE

1.      This is an action against Ladi and Mr. Singh to enforce the provisions of

Sections 515, 404 and 409 of the Employee Retirement Income Security Act of 1974 ("ERISA"),

as amended, 29 U.S.C. §§ 1145, 1104 and 1109, for Ladi's failure to make employee benefit

fund contributions and for Mr. Singh's breaches of fiduciary duty, respectively. Subject matter

jurisdiction is conferred pursuant to ERISA Sections 502(a)(2) and (3), and (g), 29 U.S.C. §§ 1132(a)(2) and (3), and (g).

2.      As to the action against Ladi by Bricklayers Local 1, International Union of Bricklayers & Allied Craft Workers ("Local 1") to recover unremitted dues checkoffs, subject matter jurisdiction is conferred under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3.      As to the state court actions against Mr. Singh for conversion, and against Neelam and Western for breach of payment bond, supplemental jurisdiction is conferred under 28 U.S.C. § 1367. Supplemental jurisdiction is proper in this instance because Mr. Singh simultaneously embezzled benefit fund assets in violation of ERISA and employee dues monies in violation of state law from the same employees on whose behalf Ladi failed to make contributions and remit dues, and who worked at the same projects covered by the payment bonds that were issued by Western. Accordingly, the state law actions arise from a common nucleus of operative fact as the Plaintiffs' federal claims, and are properly before the Eastern District.

4.      The funds are administered in the Eastern District of New York. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

PARTIES

5.      Plaintiffs, Bricklayers Insurance and Welfare Fund ("Welfare Fund") (of which the Vacation Fund is a part), Bricklayers Pension Fund ("Pension Fund"), Bricklayers Supplemental Annuity Fund ("Annuity Fund"), Bricklayers and Trowel Trades International Pension Fund ("IPF"), New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"), and the International Masonry Institute ("IMI"), are each an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.      Jeremiah Sullivan ("Sullivan") is the Chairman of Trustees, unpaid Administrator and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §

1002(21)(A), of the Pension, Annuity and Welfare Funds and the JATC ("Local 1 Funds"). He is also a trustee of the IMI. The trustees of the Local 1 Funds have authorized Sullivan to bring this action on their behalf, as have the trustees of the IMI and IPF. As president of Local 1, Sullivan is also authorized to sue to collect wage assignments that have not been remitted by employers to Local 1 and its parent, the International Union of Bricklayers & Allied Craft Workers ("I.U."). Sullivan is also a participant in and beneficiary of the Pension, Annuity and Welfare Funds, JATC, IPF, and IMI (collectively referred to as the "Funds").

7.   Local 1 is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

8.   The Labor Management Committee ("LMC") is established and maintained under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

9.   Ladi is, and at all times hereinafter mentioned was, an employer maintaining offices and conducting business in the State of New York.

10.   Neelam is, and at all times hereinafter mentioned was, an employer maintaining offices and conducting business in the State of New York.

11.   Upon information and belief, at all times material hereto, Defendant Western was, and still is, a South Dakota corporation that is duly licensed and authorized by the Superintendent of Insurance of the State of New York to transact business as a surety in the State of New York. Western has filed in the office of the Superintendent of Insurance a power of attorney appointing the superintendent and his successor in office and authorized deputies, as its true and lawful attorney in and for this state, upon whom all lawful process in any proceeding against a contract delivered or issued for delivery or on a cause of action arising in this state may be served.

12.   Upon information and belief, Mr. Singh is the owner and president of Ladi.

## BACKGROUND

13.   Ladi is party to a collective bargaining agreement with Local 1 covering bricklayers ("CBA"). Under the CBA, Ladi agreed to make contributions at specified rates per

3

hour worked to pay for the cost of: (1) pension benefits provided by the Pension Fund, Annuity Fund and IPF; (2) medical benefits provided by the Welfare Fund; and (3) training provided by the JATC and IMI.

14.    Under the CBA, Ladi is further obligated to transmit after-tax deductions from employee wages to the Vacation Fund, which is a component of the Welfare Fund and covered by ERISA, at a specified rate per hour.

15.    The CBA also requires Ladi to transmit after-tax hourly deductions from employee wages to the Funds for dues owed to Local 1 and the I.U.

16.    Ladi failed to make benefit contributions due and owing to the Funds, and wage deductions and contributions due and owing to Local 1 and the LMC, respectively, for hours worked by Local 1 bricklayers during the period of March 1, 2015 through November 30, 2019, as determined by an audit of Ladi's books and records.

17.    Western furnished a labor and materials payment bond on behalf of Neelam for the construction project located at P.S. 131 in Brooklyn, New York (the "P.S. 131 Project").

18.    Western furnished a labor and materials payment bond on behalf of Neelam for the construction project located at P.S. 104 in Brooklyn, New York (the "P.S. 104 Project").

<u>UNPAID CONTRIBUTIONS UNDER</u>
<u>ERISA SECTIONS 1145 & 1132 and LMRA SECTION 301 – LADI</u>

19.    Plaintiffs Sullivan, Local 1 and the Funds re-allege paragraphs 1 through 18 as if fully set forth herein.

20.    Ladi owes the Funds $179,064.32 in unpaid contributions for hours worked by Local 1 bricklayers between March 1, 2015 and November 30, 2019, and Plaintiffs further seek any amounts found due and owing in connection with an updated audit of Defendants' books and records as well as any and all unpaid contributions that should accrue during the pendency of this litigation.

21.     Under the CBA and the applicable plan documents for the Funds, liquidated damages of 20% are owed on the unpaid contributions described above in paragraph 20 plus interest at the rate of 10% per annum.

## UNREMITTED DUES CHECKOFFS AND UNPAID CONTRIBUTIONS UNDER LMRA SECTION 301 – LADI

22.     Plaintiffs Local 1 and the LMC re-allege paragraphs 1 through 21 as if fully set forth herein.

23.     Ladi owes Local 1 and the LMC $23,498.56 in unremitted dues checkoffs and unpaid contributions for hours worked by Local 1 bricklayers between March 1, 2015 and November 30, 2019, and Plaintiffs further seek any amounts found due and owing in connection with an updated audit of Defendants' books and records as well as any and all unremitted dues checkoffs and unpaid contributions that should accrue during the pendency of this litigation.

24.     Interest of 10% per annum is due from Ladi under the CBA on the amount described above in paragraph 20.

## FIDUCIARY BREACHES UNDER ERISA SECTION 409 – MR. SINGH

A.     The Welfare Fund's Vacation Fund Component

25.     Plaintiffs Sullivan and the Welfare Fund re-allege paragraphs 1 through 24 as if fully set forth herein.

26.     The Welfare Fund includes a Vacation Fund component that provides vacation benefits to bricklayer participants. The participants pay for the Vacation Fund benefits by having after-tax monies deducted directly from their wages by their employer. The employers are obligated to remit the Vacation Fund deductions to the Welfare Fund on a weekly basis.

27.     Mr. Singh directed that $29,043.17 in Vacation Fund deductions be taken from the wages of Local 1 members for hours worked by Local 1 bricklayers between March 1, 2015 and November 30, 2019.

28.     Employee contributions to the Vacation Fund component of the Welfare Fund are "plan assets" of an ERISA employee welfare fund under 29 C. F. R. § 2510.3-102(a).

However, Mr. Singh failed to segregate the Vacation Fund deductions and remit them to the Welfare Fund and instead, upon information and belief, Mr. Singh commingled them with Ladi's general assets and used these Vacation Fund assets to pay corporate expenses and creditors. By exercising control over the disposition of the wage deductions that constituted employee contributions to the Vacation Fund, Mr. Singh acted as a fiduciary of the Welfare Fund assets within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

29.     By misappropriating the Vacation Fund deductions for use by Ladi, Mr. Singh committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for the $29,043.17 in Vacation Fund deductions taken from the wages of Local 1 members during the relevant time period herein and for any losses resulting from these breaches.

B.     The International Pension Fund

30.     Plaintiffs Sullivan and the IPF re-allege paragraphs 1 through 29 as if fully set forth herein.

31.     Section 4.1 (a) of the Agreement and Declaration of Trust of the IPF provides that "Title to all monies paid into and/or due and owing the Trust Fund shall be vested in and remain exclusively in the Trustees of the Fund."

32.     Mr. Singh manages the day-to-day activities and payrolls of Ladi and determines if and when to make contributions to the IPF on behalf of Ladi bricklayers and is therefore a fiduciary of the IPF within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

33.     Mr. Singh failed to make $12,726.19 in contributions to the IPF for hours worked by Local 1 bricklayers between March 1, 2015 and November 30, 2019.

34.     By paying creditors and other corporate expenses of Ladi prior to making due and owing contributions to the IPF, Mr. Singh exercised control over the disposition of the IPF assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA,

29 U.S.C. § 1109, for $12,726.19 in IPF contributions and for any losses resulting from these breaches.

      C.      <u>The Pension Fund</u>

      35.      Plaintiffs Sullivan and the Pension Fund re-allege paragraphs 1 through 34 as if fully set forth herein.

      36.      Section 4.1 of the Pension and Annuity Plan of the Pension Fund provides that "Title to all monies paid into and/or owing the Fund shall be vested in and remain exclusively in the Trust of the Fund."

      37.      Mr. Singh managed the day-to-day activities and payrolls of Ladi during the relevant time period herein and determined if and when to make contributions to the Pension Fund on behalf of Ladi bricklayers and so is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

      38.      Mr. Singh owes $39,076.26 in contributions to the Pension Fund for hours worked by Local 1 bricklayers between March 1, 2015 and November 30, 2019.

      39.      By paying creditors and other corporate expenses of Ladi prior to making due and owing contributions to the Pension Fund, Mr. Singh exercised control over the disposition of the Pension Fund assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for $39,076.26 in Pension Fund contributions and for any losses resulting from these breaches.

      D.      <u>The Annuity Fund</u>

      40.      Plaintiffs Sullivan and the Annuity Fund re-allege paragraphs 1 through 39 as if fully set forth herein.

      41.      Section 4.1 of the Supplemental Annuity Plan of the Annuity Fund provides that "Title to all monies paid into and/or owing the Fund shall be vested in and remain exclusively in the Trust of the Fund."

42.     Mr. Singh managed the day-to-day activities and payrolls of Ladi during the relevant time period herein and determined if and when to make contributions to the Annuity Fund on behalf of Ladi bricklayers and so is a fiduciary of the Annuity Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

43.     Mr. Singh owes $39,604.32 in contributions to the Annuity Fund for hours worked by Local 1 bricklayers from between March 1, 2015 and November 30, 2019.

44.     By paying creditors and other corporate expenses of Ladi prior to making due and owing contributions to the Annuity Fund, Mr. Singh exercised control over the disposition of the Annuity Fund assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for $39,604.32 in Annuity Fund contributions and for any losses resulting from these breaches.

STATE LAW CONVERSION – MR. SINGH

45.     Plaintiff Local 1 re-alleges paragraphs 1 through 44 as if fully set forth herein.

46.     Mr. Singh directed that $22,442.45 in dues deductions be taken from the paychecks of Local 1 members for hours worked by Local 1 bricklayers between March 1, 2015 and November 30, 2019. The dues deductions taken from the paychecks of Local 1 members were the property of said bricklayers and should have been segregated from the assets of defendants. Mr. Singh, however, failed to segregate the dues deductions and remit them to Local 1. Instead, upon information and belief, Mr. Singh commingled them with Ladi's general assets and used these Local 1 assets to pay corporate expenses and creditors.

47.     As a result, Mr. Singh unlawfully converted these monies and is therefore personally liable to make Local 1 whole for the $22,442.45 in unremitted dues checkoffs.

P.S. 131 PROJECT BOND CLAIM – NEELAM & WESTERN

48.     Plaintiffs Sullivan, Local 1, the LMC and the Funds re-allege paragraphs 1 through 47 as if fully set forth herein.

49.     A labor and materials payment bond was obtained by Neelam from Western for the P.S. 131 Project. Neelam was the general contractor on the P.S. 131 Project.

50.     Ladi did not pay $10,280.48 in contributions and remittances that were owed to the Funds, Local 1 and the LMC for hours worked by Local 1 bricklayers at the P.S. 131 Project.

51.     Plaintiffs supplied the labor that was required for use in the performance of Neelam's contract for the P.S. 131 Project and are therefore intended beneficiaries of the bond. Accordingly, Neelam and Western are required to pay Plaintiffs' claim against the bond for $10,280.48 in unpaid benefit contributions and unremitted wage deductions, together with interest assessed at the per annum rate of 9% under the CPLR.

### P.S. 104 PROJECT BOND CLAIM – NEELAM & WESTERN

52.     Plaintiffs Sullivan, Local 1, the LMC and the Funds re-allege paragraphs 1 through 51 as if fully set forth herein.

53.     A labor and materials payment bond was obtained by Neelam from Western for the P.S. 104 Project. Neelam was the general contractor on the P.S. 104 Project.

54.     Ladi did not pay $70,960.08 in contributions and remittances that were owed to the Funds, Local 1 and the LMC for hours worked by Local 1 bricklayers at the P.S. 104 Project.

55.     Plaintiffs supplied the labor that was required for use in the performance of Neelam's contract for the P.S. 104 Project and are therefore intended beneficiaries of the bond. Accordingly, Neelam and Western are required to pay Plaintiffs' claim against the bond for $70,960.08 in unpaid benefit contributions and unremitted wage deductions, together with interest assessed at the per annum rate of 9% under the CPLR.

### INJUNCTIVE RELIEF UNDER ERISA SECTION 1132 – LADI

56.     Plaintiffs Sullivan, Local 1, the LMC and the Funds re-allege paragraphs 1 through 55 as if fully set forth herein.

57.     Pursuant to the terms and conditions of the CBA and the plan documents of the Funds, Ladi is required, inter alia, to file certain employer contribution reports with Plaintiff Funds. It is further required to permit and cooperate with Plaintiff Funds in the conduct

of audits of Defendants' books and records including, but not limited to, payroll, payroll ledgers, computer payroll printouts, W-2 forms, quarterly federal payroll tax returns (forms WRS-2 and WRS-30), annual federal tax returns, cash disbursements journals, purchase journals, 1099 forms, New York and New Jersey employment records, insurance company reports, supporting checks, ledgers, vouchers and any and all other items concerning payroll. This production includes any certified payrolls of Ladi and of any subcontractors it retained, and copies of all contracts between Ladi and any subcontractors it retained to perform work on Local 1 projects. These requirements are for the purpose of ascertaining the amount of fringe benefits contributions owed to the Funds, contributions owed to the LMC, and dues owed to Local 1 from Ladi, and of verifying the accuracy of the employer contribution reports, if filed.

58.     In an action to enforce Section 515 of ERISA, 29 U.S.C. § 1145, a court may award, in addition to certain categories of monetary damages, such other legal or equitable relief as the court deems appropriate. That relief may include an injunction directing that Ladi cooperate in the conduct of an audit of its books and records. Under the CBA, Plaintiffs are entitled to an audit in connection with Ladi's obligation to make contributions and remit dues, and would suffer irreparable harm if Ladi were permitted to evade its obligation to submit to an audit because there is no other mechanism which can accurately determine the full amount owed by the CBA signatories. This injury would lack an adequate remedy at law, since the full extent of the damages sought would remain unknown, causing further irreparable harm.

59.     Accordingly, pursuant to the terms and conditions of the CBA, Plaintiffs demand an order requiring Ladi to permit and to cooperate with Plaintiffs in the conduct of an audit of its books and records for the payroll periods of the weeks beginning with the end period of its most recent audit and continuing through the present time and to pay any delinquencies shown to be due as a result of such audit.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, Plaintiffs Sullivan, Local 1 and the Funds demand Judgment against Ladi under ERISA and the LMRA as follows:

1.     a.     For unpaid contributions owed to the plaintiff Funds, in the amount of $179,064.32, as well as any amounts found due and owing in connection with an updated audit of Defendants' books and records, plus any and all unpaid contributions that should accrue during the pendency of this litigation (ERISA Section 502(g)(2)(A));

b.     For interest assessed on unpaid contributions at the per annum rate of 10% to be determined at a later date (ERISA Section 502(g)(2)(B));

c.     For 20% liquidated damages assessed on unpaid contributions owed to plaintiff Funds (ERISA Section 502(g)(2)(C)(ii));

d.     For the costs of filing this action in the amount of $400 (ERISA Section 502(g)(2)(D));

e.     For attorneys' fees and costs of this action (ERISA Section 502(g)(2)(D)).

2.     Such other legal or equitable relief as this Court deems appropriate, including an order that Ladi be directed to cooperate in the conduct of an audit of Ladi's books and records pursuant to paragraphs 46 through 48 above (ERISA Section 502(g)(2)(E)).

WHEREFORE, Plaintiffs Sullivan, the Welfare Fund, IPF, Pension Fund and Annuity Fund demand Judgment against Mr. Singh for breaches of fiduciary duty under Section 409 of ERISA, 29 U.S.C. § 1109 in the amount of $145,268.63, and for any losses resulting from each such breach, as well as such other equitable or remedial relief as the Court may deem appropriate, including an order to restore to the Funds any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary.

WHEREFORE, Plaintiffs Local 1 and the LMC demand Judgment against Ladi under the LMRA as follows:

1.     For unremitted dues owed Local 1 and unpaid contributions owed the LMC in the amount of $23,498.56, as well as any amounts found due and owing in connection with an updated audit of Defendants' books and records, plus any and all unremitted dues checkoffs and unpaid contributions that should accrue during the pendency of this litigation.

2.      For interest assessed on delinquent dues checkoffs and contributions owed Local 1 and the LMC at the per annum rate of 10% to be determined at a later date.

WHEREFORE, Plaintiff Local 1 demands judgment against Mr. Singh under state law for conversion of dues deductions in the amount of $22,442.45.

WHEREFORE, Plaintiffs Sullivan, Local 1, the LMC and the Funds demand judgment against Defendants Neelam and Western pursuant to the labor and materials payment bond that was issued in connection with the P.S. 131 Project for the sum of $10,280.48 in unpaid benefit contributions and unremitted wage deductions, together with interest assessed at the per annum rate of 9% under the CPLR.

WHEREFORE, Plaintiffs Sullivan, Local 1, the LMC and the Funds demand judgment against Defendants Neelam and Western pursuant to the labor and materials payment bond that was issued in connection with the P.S. 104 Project for the sum of $70,960.08 in unpaid benefit contributions and unremitted wage deductions, together with interest assessed at the per annum rate of 9% under the CPLR.

Dated:        New York, New York
              February 24, 2002

                              DOAR RIECK KALEY & MACK

                      By:
                              Michael R. Minnefor, Esq.
                              217 Broadway, Suite 707
                              New York, New York 10007
                              (212) 619-3730
                              *Attorneys for Plaintiffs*